UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES EARL GRANDERSON, JR.,<br><br>Defendant. | Case No. 3:15-cr-0039-LRH-(WGC)<br><br>ORDER |

Before the court is defendant Charles Earl Granderson, Jr.'s ("Granderson") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 85. The United States filed an opposition to the motion (ECF No. 88) to which Granderson replied (ECF No. 90).

**I.    Facts and Procedural Background**

On April 29, 2015, Granderson was indicted on two charges: (1) interference with commerce by robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery"); and (2) brandishing a firearm during a robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii). ECF No. 1. Granderson filed a motion to suppress (ECF No. 35) which was denied by the court after an evidentiary hearing (ECF No. 54).

On April 5, 2016, Granderson pled guilty to both counts of the indictment without the benefit of a plea agreement. ECF No. 59. He was subsequently sentenced to one hundred and twenty-five (125) months incarceration. ECF No. 67. Granderson appealed his sentence to the

1

Ninth Circuit (ECF No. 68) but his appeal was dismissed on the basis of Granderson's unconditional guilty plea (ECF No. 81). Subsequently, on November 9, 2017, Granderson filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 85.

**II.    Discussion**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

In his motion to vacate, Granderson raises three separate challenges to his conviction and sentence: (1) that his unconditional guilty plea was not knowing and voluntary; (2) that both his trial and appellate counsel were constitutionally ineffective; and (3) that Hobbs Act robbery does not qualify as a crime of violence for purposes of 18 U.S.C. § 924(c). ECF No. 85. The court shall address each challenge below.

**A.  Unconditional Plea**

In his motion, Granderson contends that his unconditional guilty plea was not made knowingly or voluntary. Granderson raised this exact same argument on direct appeal which was rejected by the Ninth Circuit. Claims raised and disposed of during a previous direct appeal are not reviewable in a subsequent Section 2255 proceeding. *See e.g., United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as a basis for a subsequent § 2255 petition."); *Hammond v. United States*, 408 F.2d 481, 483 (9th Cir. 1969) ("Section 2255 may not be invoked to relitigate questions which were or should have been raised on direct appeal from the judgment of conviction."). Therefore, the court shall deny Granderson's motion as to this challenge.

///

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the Constitution provides that a criminal defendant "shall enjoy the right to have the assistance of counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is entitled to reasonable effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

To establish ineffective assistance of counsel, a petitioner must show that his or her counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance and must be highly deferential to the attorney's judgments. *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Thus, to establish deficient performance under Strickland, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. If a petitioner establishes that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Quintero-Barraza*, 78 F.3d at 1348. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id*.

In his motion, Granderson contends that both his trial and appellate counsel were constitutionally ineffective. The court has reviewed the documents and pleadings on file in this matter and finds that Granderson's arguments are without merit. As to his trial counsel, Granderson's claim of ineffective assistance fails to allege either deficient performance or prejudice. Granderson's only allegation relating to his trial counsel is that counsel "poorly inform[ed] [Granderson] of his plea agreement rights." However, Granderson chose to plead guilty without the benefit of a plea agreement and both this court and the Ninth Circuit found that his plea was knowing and voluntary.

As to his appellate counsel, Granderson contends that his counsel was deficient for failing to file motions or make arguments that Granderson desired including challenging the denial of

the motion to suppress. However, the Ninth Circuit dismissed Granderson's appeal on the basis of his unconditional plea and precluded Granderson from challenging the motion to suppress. As such, his appellate counsel was not constitutionally deficient for failing to raise arguments and motions that were discounted by the Ninth Circuit. Therefore, the court shall deny Granderson's motion as to these challenges.

### C. Hobbs Act Robbery

Granderson's last challenge, that Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A), fails as a matter of law. It is well settled in the Ninth Circuit that Hobbs Act robbery qualifies as a crime of violence, and thus, Granderson's challenge is without merit and shall be denied. *See, e.g., United States v. Goldstein*, No. 2:10-cr-525-JAD-PAL, 2017 WL 2174949, at *3 (D. Nev. May 17, 2017) ("Hobbs Act robbery qualified – and still qualifies – as a crime of violence under the force clause, so Goldstein was properly convicted and sentenced."); *United States v. Barrows*, No. 2:13-cr-185-MMD-VCF, 2016 WL 4010023, at *4 (D. Nev. July 25, 2016) (holding that Hobbs Act robbery is a crime of violence).

## III. Certificate of Appealability

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B).

Here, the court finds that Granderson has not shown a denial of a constitutional right in his motion. In denying his motion, the court notes that Granderson has failed to raise a meritorious challenge to his conviction or sentence. As such, the court finds that Granderson has failed to demonstrate that reasonable jurists would find the court's assessment of his claims debatable or wrong. *See Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). Therefore, the court shall deny Granderson a certificate of appealability.

///

///

///

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 85) is DENIED.

IT IS FURTHER ORDERED that defendant is DENIED a certificate of appealability.

IT IS SO ORDERED.

DATED this 1st day of May, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE