UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:15-cr-00039-LRH-WGC |
| Plaintiff, | ORDER |
| v. | |
| CHARLES EARL GRANDERSON, JR, | |
| Defendant. | |

Defendant Charles Earl Granderson, Jr. moves for a compassionate release (ECF Nos. 104 & 110), under 18 U.S.C. § 3582(c)(1)(A)(i). The Government filed an opposition (ECF No. 112), and Defendant replied (ECF No. 113). For the reasons contained within this Order, the Court denies Granderson's motion.

## I.     BACKGROUND

On April 9, 2015, Reno Police officers responded to the AM/PM Convenience Store at 1390 South Virginia Street, in Reno, Nevada, after an armed robbery. The Clerk was behind the counter when a black male, wearing a face mask and later identified as Granderson, entered the store and pulled a firearm from his right front pocket. Granderson indicated that this was a robbery and ordered the clerk to put the money from the register in a black plastic bag. Granderson grabbed the bag and ran out of the store where he was pursued by a cab driver. Officers ultimately came into contact with Granderson at approximately 1:50 am. The officers found $507 on him and found a loaded Colt .38 caliber revolver pistol, with an obliterated serial number, and clothes Granderson was wearing during the robbery behind a nearby dumpster. The Officers identified Granderson

1

and became aware that he had a parole violation warrant out of California and arrested him. After agents from the Bureau of Alcohol, Tobacco, and Firearms investigated the offense and determined that the robbery obstructed, delayed, and affected commerce, Granderson was indicted by a federal grand jury on April 29, 2015.

Granderson pled guilty to count 1, interference with commerce by robbery, in violation of 18 U.S.C. § 1951, and count 2, brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), on April 5, 2015. On September 12, 2016, the Court sentenced him to 41 months imprisonment on count 1 and 84 months imprisonment on count 2, to run consecutively, for a total sentence of 125 months, and a period of 3 years of supervised release on count 1 and 5 years on count 2, to run concurrently. Granderson's projected release date is April 19, 2024.

## II.    LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. Defendant provides that his compassionate release petition was received by the Warden of Lompoc on June 30, 2020. *See* ECF No. 110-1 at 3. The record supports and the Government concedes that Defendant has exhausted his administrative remedies. Therefore, the Court will decide Granderson's motion on the merits.

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

2

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

>    (1)    (A) extraordinary and compelling reasons warrant the reduction; or

>    (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;

>    (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and

>    (3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

## III.    DISCUSSION

The Court finds that extraordinary and compelling reasons do not exist in this case, under any of the four provisions. Granderson does not qualify under the age provision: he is only 32 years old, and neither served 10 years or 75 percent of his term of imprisonment. Granderson also does not qualify under the family circumstances provision: there is no indication that he needs to be released from prison to either care for an ailing spouse or minor children.

Granderson argues that extraordinary and compelling reasons exist because he suffers from moderate to severe asthma, epilepsy, and mental health issues, including schizophrenia and bipolar disorder, all making him particularly vulnerable to COVID-19 complications. After reviewing his medical condition, while it is clear that Granderson suffers from significant health concerns, all appear stable and under control.

Granderson further argues that the grave prison conditions at Lompoc USP support his release. Currently, the BOP is reporting that one inmate and one staff member are positive for the virus at Lompoc USP, and no inmates or staff are positive at Lompoc FCI.[1] 719 inmates and 19 staff have recovered from the virus at Lompoc FCI and 145 inmates and 28 staff have recovered

---

[1] https://www.bop.gov/coronavirus/ (last visited November 12, 2020).

3

at Lompoc USP. The Court recognizes that 4 inmates have died of the virus between the two facilities and that an inmates' incarceration should not be a death sentence. However, given these numbers at Lompoc, the Court finds that extraordinary and compelling reasons do not exist in this case.

Finally, the section 3553(a) factors do not warrant early release. Granderson's crime was serious—it involved robbing an individual at gunpoint. The Court recognizes that Granderson has had a difficult upbringing and that drugs and addiction have played a significant part in his current circumstances. However, he also has a serious criminal history, including multiple instances of armed robbery going back to the age of 13. Previous to the instant offense, he was convicted of second-degree robbery with a firearm enhancement, attempted second-degree robbery with firearm enhancement, and assault with a semi-automatic weapon. He was paroled for less than 3 months when he absconded and was arrested on the instant armed robbery offense less than 6 months after he was paroled. The Court further sees that Granderson has had numerous disciplinary issues while incarcerated. While the defense argues that violating a few prison rules and getting into one fight does not mean he is a danger to the community, the Court disagrees. If Granderson cannot follow prison rules while incarcerated, the Court is not convinced that he would follow the rules set by probation. The Court finds that Granderson should serve the full sentence that it imposed to reflect the seriousness of his crimes, promote respect for the law, and provide adequate punishment for his crimes. The Court further finds that this sentence is appropriate to adequately deter this conduct and protect the public.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's motion for compassionate release (ECF Nos. 104 & 110) is **DENIED.**

///

///

///

///

///

4

1    IT IS FURTHER ORDERED that Defendant's Exhibit B (ECF No. 111) is to remain
2  **SEALED** to protect the privacy of the Defendant.

3    IT IS FURTHER ORDERED that Defendant is not entitled to be present for a hearing on
4  a motion for compassionate release. *See* FED. R. CRIM. P. 43(b)(4).

5

6    IT IS SO ORDERED.

7    DATED this 13th day of November, 2020.

8

9    _____
    LARRY R. HICKS
10   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28