UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:15-cr-00039-LRH-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CHARLES GRANDERSON, | |
| Defendant. | |

Before the Court is Defendant Charles Granderson's ("Granderson") motion for a sentence reduction (ECF No. 125). The government filed an opposition (ECF No. 128), and Granderson filed motions to extend time to file a response (ECF No. 131) and for appointment of counsel (ECF No. 132) after the Federal Public Defender declined to file a supplement. For the reasons articulated in this Order, the Court denies the motions.

**I.    BACKGROUND**

On April 9, 2015, Reno Police officers responded to the AM/PM Convenience Store at 1390 South Virginia Street, in Reno, Nevada, after an armed robbery. The Clerk was behind the counter when a man, wearing a face mask and later identified as Granderson, entered the store and pulled a firearm from his right front pocket. Granderson indicated that this was a robbery and ordered the clerk to put the money from the register in a black plastic bag. Granderson grabbed the bag and ran out of the store where he was pursued by a cab driver. Officers ultimately came into contact with Granderson at approximately 1:50 am. The officers found $507 on him and found a loaded Colt .38 caliber revolver pistol, with an obliterated serial number, and clothes Granderson

was wearing during the robbery behind a nearby dumpster. The Officers identified Granderson and became aware that he had a parole violation warrant out of California and arrested him. After agents from the Bureau of Alcohol, Tobacco, and Firearms investigated the offense and determined that the robbery obstructed, delayed, and affected commerce, Granderson was indicted by a federal grand jury on April 29, 2015.

Granderson pled guilty to count 1, interference with commerce by robbery, in violation of 18 U.S.C. § 1951, and count 2, brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), on April 5, 2015. On September 12, 2016, the Court sentenced him to 41 months imprisonment on count 1 and 84 months imprisonment on count 2, to run consecutively, for a total sentence of 125 months, and a period of 3 years of supervised release on count 1 and 5 years on count 2, to run concurrently. Granderson's projected release date is May 13, 2024.

In August 2020, Granderson filed a *pro se* motion, which the Federal Public Defender supplemented, seeking compassionate release under 18 U.S.C. § 3582(c). ECF Nos. 104, 110. In November 2020, this Court denied the motions and found that extraordinary and compelling reasons for compassionate release did not exist, and that the section 3553(a) factors did not warrant early release. ECF No. 115. In denying the motion, the Court found that Granderson's crimes were serious and concluded that "the full sentence that it imposed [reflects] the seriousness of his crimes, promote[s] respect for the law, and provide[s] adequate punishment for his crimes." *Id.* at 5.

Now, over a year later, Granderson filed his second *pro se* motion which serves as the basis for this Order.

II.     **LEGAL STANDARD**

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. The Court finds that Granderson has exhausted the administrative remedies available.

///

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

To that end, the relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1)  (A) extraordinary and compelling reasons warrant the reduction; or
>
>   (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

The Court, in ruling upon a motion for compassionate release, may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." In addition to this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) to the extent that they are applicable and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Still, the Court is not bound by the Sentencing Commission's guidance. *See United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021).

### III. DISCUSSION

The Court, for the same reasons articulated in its previous order, *see* ECF No. 115., again finds that extraordinary and compelling reasons do not exist in this case under any of the four provisions. Specifically, Granderson is only 32 years old, he does not qualify for the family circumstances provision, his health appears stable, and the conditions at FCI Sheridan appear largely under control as no inmates are currently infected with the virus.[1]

In addition, unlike the last time Granderson filed his motion, a vaccine exists to significantly reduce the risk of serious illness or death from COVID-19. Nevertheless, Granderson refuses to take the vaccine and that decision further weighs against a finding of extraordinary and compelling circumstances. *See, e.g.*, *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840 (D. Ariz. 2021) (Teilborg, J.) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccine weighs against a finding of extraordinary and compelling circumstances.") (citations omitted).

Lastly, as laid out in this Court's previous order, the section 3553(a) factors again do not warrant early release. ECF No. 115 (listing Granderson's serious criminal history, multiple instances of armed robbery, and numerous disciplinary issues while incarcerated).

The Court finds that Granderson should serve the full sentence that it imposed to reflect the seriousness of his crimes, promote respect for the law, and provide adequate punishment for his crimes. The Court further finds that this sentence is appropriate to adequately deter this conduct and protect the public.

///
///
///
///
///
///
///

---

[1] Bur. of Prisons, *COVID-19*, https://www.bop.gov/coronavirus/ (last visited April 21, 2022).

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Granderson's motion for a sentence reduction (ECF No. 125) is **DENIED**.

IT IS FURTHER ORDERED that Granderson's motions to extend time to respond to the government's motion (ECF No. 131) and for appointment of counsel (ECF No. 132) are **DENIED**.

IT IS FURTHER ORDERED that the government's motion for leave to file a sealed exhibit (ECF No. 129) is **GRANTED** as it contains private medical information.

IT IS SO ORDERED.

DATED this 26th day of April, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE