UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 3:15-cr-00039-HDM-CSD |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CHARLES EARL GRANDERSON, | |
| Defendant. | |

On August 26, 2024, the court denied the defendant's *pro se* "Motion to Modify Probation Term/Condition," which the court interpreted as seeking permission to use medical marijuana. The defendant now moves for reconsideration, arguing that he was not and is not seeking permission to use medical marijuana. (ECF No. 147). Rather, he argues first that he is taking Epidiolex, an FDA-approved medication derived from marijuana, for seizures. He then argues that he has been prescribed CBD full oil tincture that qualifies as hemp and is not therefore illegal under federal law. Finally, he submits, again, a prescription issued by Texas Medical Marijuana Doctors for "10 mg CBD and 10 mg THC" and "0 mg CBD and 20 mg THC." (ECF No. 147 at 4). It is unclear whether the prescription is related to the defendant's claim that he is taking Epidiolex, his claim that he is using a CBD full oil tincture, or something else entirely.

1

The court does not have the authority to grant a defendant on supervised release permission to use medical marijuana. *See United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018) ("[C]ourts cannot amend conditions to contradict federal law."); *United States v. Dimmer*, 2023 WL 5747316, at *2 (W.D. Wash. Sept. 6, 2023); *see also United States v. Rice*, 2023 WL 4086278, at *3 (W.D. Pa. June 20, 2023) (denying motion to modify condition of supervised release to allow defendant to use products claimed to be hemp because the defendant failed to establish that the products were in fact hemp under federal law); *United States v. Perla*, 2021 WL 461881, at *3 (W.D. Pa. Feb. 9, 2021) (collecting cases). The defendant appears to claim that he is not seeking permission to use illegal marijuana but rather only wants permission to use legal drugs, such as hemp. Hemp -- defined as "the plant Cannabis sativa L. and any part of that plant . . . with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis" -- is not marijuana. 18 U.S.C. § 802(16)(B); 7 U.S.C. § 1639*o*.

The defendant's motion is not clear as to what exactly he seeks permission to use, as he cites up to three different products (Epidiolex, CBD full oil tincture, and/or two unnamed prescriptions apparently containing both CBD and THC). Epidiolex is an FDA-approved medication derived from marijuana "for the treatment of seizures associated with two rare and severe forms of epilepsy, Lennox-Gastaut syndrome[, ] Dravet syndrome," and "tuberous sclerosis complex (TSC). *See* https://www.fda.gov/news-events/press-announcements/fda-approves-first-drug-comprised-active-ingredient-derived-marijuana-treat-rare-severe-forms (last

visited Oct. 15, 2024); https://www.epidiolex.com/ (last visited Oct. 15, 2024). But the defendant has not submitted any evidence that he has been diagnosed with Lennox-Gastaut syndrome, Dravet syndrome, or TSC, or that he has a prescription for Epidiolex to treat seizures. Nor is there sufficient information before the court to determine whether the prescriptions the defendant has attached to his motion fall within the legal definition of hemp. Finally, if the tincture the defendant seeks permission to use is *not* included in the attached prescription, there is no evidence that the defendant has a valid medical prescription for CBD full oil tincture or what the oil has been prescribed to treat.

Accordingly, on or before November 20, 2024, the defendant shall file a supplement to his motion for reconsideration listing each specific product for which he seeks the court's approval. As to each product, the defendant shall provide both evidence that he has a valid medical prescription for that product and evidence establishing that the product does not violate federal law.

IT IS SO ORDERED.

DATED: This 21st day of October, 2024.

_____
UNITED STATES DISTRICT JUDGE

3