UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>  v.<br>CHARLES EARL GRANDERSON,<br><br>               Defendant. | Case No. 3:15-cr-00039-HDM-CSD<br><br>ORDER |

On August 26, 2024, the court denied the defendant's *pro se* "Motion to Modify Probation Term/Condition." The defendant moved for reconsideration (ECF No. 147). On October 21, 2024, the court directed the defendant to supplement his motion to provide evidence that he has a valid medical prescription for a product that does not violate federal law.

In response, the defendant has submitted: (1) a letter from a doctor at Texas Medical Marijuana Doctors reflecting that the defendant is qualified to be treated with medical marijuana under Texas law; (2) a letter from a clinical psychologist that he has diagnosed the defendant with PTSD; (3) a printout from the Compassionate Use Registry of Texas, reflecting the two prescriptions issued by Texas Medical Marijuana Doctors; and (4) a medication summary from the Bureau of Prisons dated August 17, 2023, indicating that the defendant was prescribed "levetiracetam" to treat seizures. (ECF No. 149 at 3-9).

Texas law allows doctors to prescribe "low-THC marijuana" for treatment of several enumerated conditions, and said prescriptions are entered into the Texas Compassionate Use Registry. *See* Tex.

Occ. Code Ann. § 169.003; *id.* § 169.004; https://www.dps.texas.gov/section/compassionate-use-program/faq/compassionate-use-registry-texas-curt (last accessed Dec. 11, 2024). "Low-THC" marijuana is defined as "the plant Cannabis sativa L., and any part of that plant or any compound, manufacture, salt, derivative, mixture, preparation, resin, or oil of that plant that contains not more than *one percent* by weight of tetrahydrocannabinols." Tex. Occ. Code Ann. § 169.001 (emphasis added). By contrast, to not be considered marijuana under federal law, the THC concentration of a product must fall below 0.3%. *See* 21 U.S.C. § 802(16)(B); 7 U.S.C. § 1639*o*. Thus, that the defendant's prescriptions are on the Texas Compassionate Use registry establishes only that his prescriptions qualify as "low-THC marijuana" under Texas law and does nothing to answer the question of whether they are a legal drug under federal law. As the court does not have the authority to grant a defendant on supervised release permission to use medical marijuana, *see United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018) ("[C]ourts cannot amend conditions to contradict federal law."); *United States v. Dimmer*, 2023 WL 5747316, at *2 (W.D. Wash. Sept. 6, 2023); *United States v. Perla*, 2021 WL 461881, at *3 (W.D. Pa. Feb. 9, 2021) (collecting cases), the defendant's request for permission to use the two prescriptions issued by the Texas Medical Marijuana Doctors will be denied.

With respect to the defendant's claim that he has been prescribed Epidiolex to treat seizures, the defendant has produced no evidence of any such prescription. Rather, he provides evidence that he has in the past been treated for seizures, but with

2

1  "levetiracetam" – not Epidoilex. Levetircetam does not appear to
2  be a cannabis-derived product for which the defendant would need
3  the court's permission. Accordingly, the defendant's motion for
4  permission to use Epidiolex will be denied.
5      In accordance with the foregoing, the defendant's motion for
6  reconsideration (ECF No. 147) is DENIED WITHOUT PREJUDICE.
7      IT IS SO ORDERED.
8      DATED: This 2nd day of January, 2025.

*/s/ Howard D. McKibben*
UNITED STATES DISTRICT JUDGE